```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MONIQUE CHARVENKO, and JOSEPH KREBBEKS
on their own behalf and on behalf of
their minor children JOSEPH KREBBEKS
and KATIE MARIE KREBBEKS,

                        Plaintiffs,                    ORDER

         v.
                                                       09-CV-6383T
MICHAEL BARBERA, SHARON BARBERA,
and NICK BARBERA,

                        Defendants.
_____
```

Plaintiffs Monique Charvenko, and Joseph Krebbeks, parents of Joseph and Katie Marie Krebbeks, bring this action pursuant to the Fair Housing Act claiming that the defendants declined to rent an apartment to them because they have children. After the defendants, proceeding pro se, unsuccessfully moved to dismiss plaintiffs' Complaint, the defendants abandoned their defense of this action, and an entry of default was entered against the defendants on April 12, 2010. Thereafter, the court referred the matter to United States Magistrate Judge Jonathan W. Feldman to determine what damages, if any, were suffered by the plaintiffs.

On January 21, 2011, Judge Feldman held a hearing to determine plaintiffs damages, but the plaintiffs, as well as the defendants, failed to appear. Plaintiffs' counsel, who did appear, requested and were granted an adjournment for purposes of locating their clients. The hearing was rescheduled for February 3, 2011, at which time plaintiffs, along with their counsel, appeared.

Defendants again failed to appear.  Following the hearing, and after plaintiffs' counsel filed a post-hearing brief, Judge Feldman, in a Report and Recommendation dated March 30, 2011, recommended that the plaintiffs be awarded $1,000.00 for emotional damages they suffered as a result of being discriminated against on the basis of their familial status.  Although the parties were advised of their right to file objections to Judge Feldman's Report and Recommendation; the potential consequences of failing to file objections; and the deadline for filing such objections, neither party has filed any objection to Judge Feldman's Report.

Because neither party has filed an objection to the November 18, 2003 Report and Recommendation, the parties have waived their rights to de novo review pursuant to 28 U.S.C. § 636(b)(1). U.S. v. Male Juvenile, 121 F.3d 34 (2nd Cir. 1997).  Additionally, the Second Circuit has by rule adopted the position that where the parties have received notice of the consequences of failing to object to a Magistrate Judge's Report and Recommendation, such a failure will preclude any further review of a Decision adopting a Magistrate Judge's Report and Recommendation.  Id. See also, Small v. Secretary of Health and Human Services, 892 F.2d 15 (2nd Cir. 1989)("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").  Accordingly, I may only review Magistrate Feldman's Report and Recommendation for clear error.

2

For the reasons set forth in Judge Feldman's March 30, 2011 Report and Recommendation, I find that Judge Feldman properly determined that plaintiffs' damages are compensable by an award of $1,000.00. Because there is no clear error of law or fact in the Magistrate's Report and Recommendation, I adopt Judge Feldman's Report and Recommendation in its entirety, and direct that the Clerk of the Court issue a judgment in favor of the plaintiffs in the amount of $1,000.00

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         April 29, 2011